# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LARRY C. BRADLEY,       )
)
       Petitioner,       )
)
     vs.       )     Case No. 4:03CV01785 AGF
)
CHUCK DWYER,      )
)
       Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner

Larry Bradley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  For the reasons

set forth below, the petition shall be dismissed as barred by the one-year statute of

limitations of 28 U.S.C. § 2254(d)(1).

## BACKGROUND

Petitioner was convicted by a jury of first-degree assault, armed criminal action,

and unlawful use of a weapon.  He was sentenced on February 27, 1998, to consecutive

terms of imprisonment of ten years, three years, and one day, respectively.  On November

24, 1998, Petitioner's convictions and sentences were affirmed on direct appeal.  Resp.'s

Ex. F.  On April 7, 1999, he filed a timely motion for post-conviction relief under

Missouri Supreme Court Rule 29.15.  Resp. Ex. G at 1.  The motion was denied on

---

[1]     The parties have consented to the exercise of authority by the undersigned
United States Magistrate, pursuant to 28 U.S.C. §636(c).

February 9, 2001, id. at 21-24, and the denial was affirmed on appeal on April 9, 2002, Resp. Ex. J. The Court takes judicial notice of the fact that the mandate of this affirmance was issued on May 22, 2002.

Petitioner's present federal habeas action was signed on November 26, 2003, which is deemed the filing date of the petition.[2] See Smith v. Roper, No. 4:03CV907 HEA(TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. 2005) (absent evidence to the contrary, the date upon which a habeas petitioner signed the petition is sufficient indicia of the date upon which the petitioner delivered it to prison authorities for mailing, which date, under the prison mailbox rule, becomes the date of filing). Petitioner claims that his due process right to a fair trial was violated because there was insufficient evidence to establish that the victim sustained serious physical injury, as required under Missouri law for a conviction of first-degree assault; and because the trial court refused to instruct the jury on the lessor included offense of second-degree assault. He also claims that direct appeal counsel rendered constitutionally ineffective assistance by not raising certain issues on appeal. Respondent argues that the Court should dismiss this habeas petition because it was filed beyond the one-year statute of limitations.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas relief to file his petition within one year after his

---

[2] The petition was mailed from Petitioner's prison on December 1, 2003, and file-stamped by this Court on December 11, 2003.

state conviction becomes final. 28 U.S.C. § 2244 (d)(1)(A). A conviction becomes final for these purposes at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citation omitted). Under United States Supreme Court Rule 13, a defendant has 90 days from the date of entry of judgment (and not from the date the mandate was issued), in a state court of last resort to file a petition for a writ of certiorari. Thus, the statute of limitations for filing a federal habeas claim in the present case began to run on February 22, 1999 (90 days after Petitioner's convictions were affirmed on direct appeal on November 24, 1998).[3]

AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, Petitioner's one year, which began to run on February 22, 1999, was tolled from March 30, 1999, until May 22, 2002, when the mandate of the appellate court was issued in the post-conviction proceedings. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (holding that an

---

[3] Respondent argues that Petitioner is not entitled to the 90 days after the decision on direct appeal, because he did not file a motion for rehearing as to that decision, or an application for transfer. Respondent cites no case law for this proposition. In any event, this matter is not material in this case, as even granting Petitioner the 90 days, his habeas action is untimely.

application for post-conviction review in Missouri is pending for purposes of § 2244(d)(2) until the mandate of the appellate court is issued).  As noted above, Petitioner is deemed to have filed his present action on November 26, 2003, well beyond the one-year limitations period.

In addition to the statutory tolling provision in § 2244(d)(2), the one-year limitations period may be equitably tolled if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Here, however, Petitioner offers no reason, nor does the Court discern any, why the limitations period should be equittably tolled.

## CONCLUSION

Petitioner's habeas action was not filed within the statute of limitations and equitable tolling of the limitations period is not warranted.  The Court does not believe that "reasonable jurists" might find the Court's decision "debatable or wrong," for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(1)(A).  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (standard for issuing certificate of appealability) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Larry Bradley for federal habeas corpus relief is **DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue

in this case.

A separate Judgment of Dismissal shall accompany this Memorandum and Order.


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2006.